IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2020

## DAVID SANDERS V. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County
No. 82033     David M. Bragg, Judge**

_____

### No. M2020-00457-CCA-R3-PC

_____

The Petitioner, David Sanders, appeals the Rutherford County Circuit Court's denial of post-conviction relief from his conviction of rape, for which he received a ten-year sentence of imprisonment. See Tenn. Code Ann. § 39-13-503. In his appeal, the Petitioner argues that his guilty plea was unknowingly and involuntarily entered based on the ineffective assistance of trial counsel. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Benjamin Lewis, Knoxville, Tennessee, for the Petitioner, David Sanders.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Sharon Reddick, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On June 11, 2016, the Petitioner was indicted for three counts of aggravated rape, three counts of rape, three counts of statutory rape, three counts of aggravated statutory rape, and three counts of sexual battery. On April 21, 2017, pursuant to a negotiated plea agreement, the Petitioner pled guilty to one count of rape, and the State recommended a sentence of ten-years' imprisonment and dismissal of the remaining counts of the indictment. The plea agreement was subject to the Petitioner testifying truthfully at the trial of his co-defendant, and the failure to do so would result in setting aside the plea agreement.

At the guilty plea hearing, the State summarized the facts underlying the Petitioner's charges as follows:

> [O]n June the 11th, 2016, [the Petitioner] was present with his co-defendant at the co-defendant's residence, which is located in Davidson County, along with the victim, who is named in the indictment and whose date of birth [is] 11-20-2001. And two other minor children were present.
>
> [The Petitioner] witnessed his co-defendant, Mr. Smith, engage in multiple acts of sexual assault against the victim. At some point during the evening, Mr. Sanders did also perform oral sex on the victim without her consent.

The State informed the court that the Petitioner had executed a sworn affidavit detailing the facts and circumstances underlying his charges.

The trial court then engaged the Petitioner in a series of questions regarding the factual basis of his plea, the rights he would waive by pleading guilty, and his familiarity with the paperwork involved in the guilty plea. The Petitioner agreed that the facts set out in his warrant and affidavit were correct and provided the factual basis for his plea. The Petitioner indicated that he understood his rights, had discussed the plea agreement with counsel, and was satisfied with counsel's representation. The Petitioner acknowledged that no one had promised him anything other than what was announced during the plea hearing, and that his plea would be entered freely and voluntarily.

After the plea colloquy, the trial court found that the Petitioner was entering a knowing and voluntary guilty plea and accepted the State's recommended ten-year sentence of imprisonment.

The Petitioner complied with the condition of his plea agreement and provided the State with a written affidavit detailing the actions of his co-defendant, in lieu of testifying at trial. On August 13, 2017, the Petitioner wrote a letter to trial counsel, in which he referenced the special conditions section of his judgment form, asking why he had not been released from custody after providing the affidavit:

> I thought I was on a [split] sentence to come out on probation. Can you please explain this to me? Cause in the special conditions it states: Defendant is to testify truthfully [at] the [trial] of his co-defendant, failure to do so shall result in the set aside of this plea agreement as to the disposition of this count and the remaining counts of the indictment all of which [are] to be dismissed.

Can you explain this to me, [']cause I was under the impression that I was coming out on probation.[1]

Trial counsel replied to the Petitioner's letter on August 23, 2017. In his reply, trial counsel said "as we discussed, your sentence is a sentence to serve," and included an excerpt from the negotiated plea agreement which stated the Defendant was to serve ten years in the Tennessee Department of Corrections at one hundred percent completion. Trial counsel also advised the Petitioner that he would need to file a petition for post-conviction relief to challenge the validity of his guilty plea, and informed him that the court would be obligated to appoint him new counsel if he chose to do so. On March 7, 2018, the Petitioner sent a second letter to trial counsel requesting a copy of his entire case file, and trial counsel complied with his request.

On May 3, 2018, the Petitioner filed a timely pro se petition for post-conviction relief, claiming that he received ineffective assistance of counsel and that the State failed to adhere to the terms of his plea agreement. In the petition, the Petitioner alleged that he entered into a conditional plea agreement in which the rape count he pled guilty to would be dismissed along with the other charges of the indictment if he testified truthfully at the trial of his co-defendant. He argued that the State violated the terms of his plea agreement by failing to dismiss his rape conviction after he truthfully testified against his co-defendant, and that trial counsel was grossly ineffective by failing to ensure the terms of the plea agreement were adhered to. The Petitioner was subsequently appointed counsel, and a notice of intent to not file an amended petition was filed on December 12, 2019.

A post-conviction hearing was held on February 27, 2020, during which the Petitioner and trial counsel testified. The Petitioner stated he believed that the language in the special conditions section of his judgment form indicated that his rape conviction would be dismissed after he testified against his co-defendant. The special conditions section of the judgment sheet reads as follows:

> Defendant is to testify truthfully at the trial of his co-defendant, failure to do so shall result in the set aside of this plea agreement as to the disposition of this count and the remaining counts of the indictment, all of which are to be dismissed.

The Petitioner's testimony at the post-conviction hearing is somewhat contradictory. Initially, the Petitioner admitted that when he pled guilty, he understood

---

[1] The Petitioner also asked trial counsel why his judgment form did not reflect his pretrial jail credit. Trial counsel responded that the pretrial jail credit was inadvertently omitted from the judgment form and assured the Petitioner he would resolve the issue.

that his ten-year sentence would be served in confinement. However, when questioned further, the Petitioner testified that he did not understand the terms of his plea agreement when he pled guilty and that he believed trial counsel was ineffective by failing to explain that his rape conviction would not be dismissed after he testified against his co-defendant. The Petitioner stated that he never discussed the terms of his guilty plea with counsel prior to entering it.

On cross-examination, the Petitioner clarified this discrepancy, stating that he understood his plea agreement when he pled guilty, but began to question the terms of the agreement after reading the special conditions section of his judgment form:

Q: Okay. So, you understood that you were pleading guilty to one count of rape, and you were only going to have to serve 10 years on that one count of rape, right?

A: Yeah.

Q: And, so, now what – it seems like what you're saying now is you got back and you read that one line. The way you read it, it sounded like it should be different than what you actually pled guilty to and the sentence you actually took?

A: Of course. Of course.

P: Okay. But you knew when you were pleading guilty that you were pleading guilty to one count of rape, and you were going to get a sentence of 10 years to serve, right?

A: Right.

The Petitioner testified that he did not discuss the special conditions language with trial counsel prior to entering his guilty plea. However, the Petitioner stated that he had reviewed the terms of his negotiated plea agreement with trial counsel. The additional conditions section of the negotiated plea agreement contains similar, albeit not identical, language to that in the judgment form:

[C]ontemporaneously with this plea agreement, the Defendant is submitting an affidavit regarding the events at issue in this case. Defendant expressly agrees to testify truthfully in the trial of his codefendant, James Aaron Smith. Should the defendant fail to satisfy this obligation, he shall be in violation of

- 4 -

a material condition of this plea agreement and it may be rescinded at the option of the Rutherford County District Attorney's Office.

The Petitioner admitted that trial counsel never indicated he would serve his sentence on probation. The Petitioner testified that, considering the multiple charges in his indictment, he felt that a ten-year sentence was "a pretty good deal." Additionally, the Petitioner stated that he responded truthfully to the court's questions during his plea colloquy.

Trial counsel recalled that the Petitioner was facing multiple charges, the evidence against him was strong, and he had an extensive criminal history. He explained to the Petitioner that, if convicted, his sentences could be significant, even if they were at the bottom of the sentencing ranges. Trial counsel testified that he extensively conferred with district attorneys, who originally offered a twenty-year sentence, to negotiate the Petitioner's plea agreement. He explained that it was his standard practice to review both the judgment form and the negotiated plea agreement with his clients prior to a guilty plea hearing. Trial counsel stated that he reviewed the negotiated plea agreement with the Petitioner "word for word." Although he could not recall whether he specifically read the special conditions in the judgment form to the Petitioner, he stated that he discussed "those [conditions] in conjunction with the similar portion of the negotiated plea [agreement] form, which had additional conditions." Trial counsel said the Petitioner never indicated that he believed all the charges of his indictment would be dismissed.

On cross-examination, trial counsel testified that he met with the Petitioner multiple times, both in jail and at his court dates, and never had any concerns regarding the Petitioner's understanding of his charges or his plea agreement. Trial counsel acknowledged that the language in the judgment form differed from the language in the negotiated plea agreement, but stated he believed the substance and effect of the terms were the same.

The post-conviction court set out its oral findings and denied the Petitioner relief, finding no basis to conclude that trial counsel was ineffective or that the Petitioner's plea was unknowing or involuntary. The court found that the Petitioner understood he would be serving a ten-year sentence, until he read the special conditions of his judgment form and incorrectly interpreted the conditions to mean something other than the terms of the plea agreement.

The post-conviction court subsequently issued a written order denying relief on March 11, 2020. In the order, the court found that the Petitioner had failed to prove by clear and convincing evidence that the State failed to honor the terms of the plea agreement, or that trial counsel had been ineffective. The court found that "[n]o reasonable reading of

documents contained in the record of this case indicates the State agreed to drop all charges against the Petitioner and release him if he testified truthfully at his Co-Defendant's trial." The court also determined that the Petitioner understood the terms of his plea at the time it was entered. The Petitioner filed a timely notice of appeal on March 17, 2020, and his case is now properly before this court for review.

## ANALYSIS

On appeal, the Petitioner argues trial counsel was ineffective in explaining the terms of his guilty plea, and that his plea was entered unknowingly and involuntarily as a result. In response, the State contends that the Petitioner understood the terms of his plea agreement at the time he pled guilty, and the post-conviction court properly denied relief. We agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103 (2006). The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective

assistance, that is, within the range of competence demanded of attorneys in criminal cases. Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted). In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). In order to satisfy the "prejudice" requirement in the context of a guilty plea, the petitioner must show that, but for counsel's errors, he would not have entered his guilty plea and would have proceeded to trial. Serrano v. State, 133 S.W.3d 599, 605 (Tenn. 2004) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

The validity of a guilty plea is a mixed question of law and fact that is reviewed de novo. Lane, 316 S.W at 562. To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently. Id. (citing State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977) superseded on other grounds by rules as stated in State v. Wilson, 31 S.W.3d 189, 193 (Tenn. 2000); North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 747 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). "[T]he record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea[.]" Mackey, 553 S.W.2d at 340; See Tenn. R. Crim. P. 11(b)(1). When determining whether a guilty plea was knowingly, voluntarily, and intelligently entered, the court must consider "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Lane, 316 S.W.3d at 562 (quoting Grindstaff, 297 S.W.3d at 218). If a guilty plea is not knowingly, voluntarily, and intelligently entered, then the defendant has been denied due process, and the guilty plea is void. Id. (citations omitted).

Applying the above law to the instant case, we conclude that the Petitioner is not entitled to relief. In the context of a guilty plea, trial counsel's effectiveness is only relevant

- 7 -

to the extent that it affects the voluntariness of the plea. <u>Ford v. State</u>, No. E2018-00702-CCA-R3-PC, 2019 WL 1220790, at \*3 (Tenn. Crim. App. Mar. 14, 2019). Here, the Petitioner contends that his plea was unknowing and involuntary because of trial counsel's failure to adequately explain the terms of his plea agreement. Specifically, the Petitioner alleges that trial counsel failed to ensure that he understood his rape conviction would not be dismissed after he testified against his co-defendant.

However, the record shows that the Petitioner fully understood the terms of his plea agreement when he entered his plea. At the guilty plea hearing, the State recited the terms of the Petitioner's plea agreement before the court, specifically stating that the Petitioner's ten-year sentence would be served in the department of corrections. Through his plea colloquy, the Petitioner indicated that he understood both the terms of his plea agreement as recited and the rights he was waiving by pleading guilty.

At the post-conviction hearing, the Petitioner testified that he understood the terms of his plea agreement at the time he pled guilty. The Petitioner acknowledged that trial counsel had reviewed the terms of his negotiated plea agreement with him before he entered his plea, and that he understood his ten-year sentence would be served in confinement. Trial counsel confirmed this, stating that he went over the plea agreement "word for word" with the Petitioner. Trial counsel stated that he never had any concerns about the Petitioner's understanding of the terms of his plea agreement. The record is devoid of evidence showing that the Petitioner did not understand the terms of his plea agreement at the time he pled guilty. Instead, the record indicates that the Petitioner only questioned the terms of his agreement after he incorrectly interpreted the language written in the special conditions section of his judgment form. The Petitioner testified that he had no concerns about the terms of his plea agreement until he read his judgment form after his guilty plea hearing. Accordingly, the Petitioner has failed establish that trial counsel's performance was deficient and affected the voluntariness of his guilty plea.

Additionally, the Petitioner has not claimed that but for trial counsel's deficiency, he would have proceeded to trial instead of entering a guilty plea. In fact, at his post-conviction hearing, the Petitioner acknowledged that a ten-year sentence to serve was "a pretty good deal," considering the multiple counts of his indictment, indicating that his guilty plea was a knowing, voluntary, and intelligent choice.

Nothing in the record preponderates against the determination of the trial court, and the Petitioner is not entitled to relief.

## CONCLUSION

We affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, JUDGE